1
2
3               **UNITED STATES DISTRICT COURT**
4               **NORTHERN DISTRICT OF CALIFORNIA**
5               **SAN JOSE DIVISION**
6

7   USA,                                    Case No.  17-cr-00599-BLF-1
8                  Plaintiff,
9          v.                               **ORDER RE: MOTIONS IN LIMINE**
                                            [Re: ECF 40, 41, 42, 43, 52, 61]
10  GERMAN FLORES,
11                 Defendant.

12

13          The Government has charged Defendant German Flores with one count of distribution and

14  possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and

15  (b)(1)(B). *See* Indictment, ECF 3. In preparation for trial, which is set to begin on July 16, 2021,

16  the Government submitted five motions in limine, and Mr. Flores submitted one. With respect to

17  each side's motions in limine, the Court rules as follows, for the reasons set forth below and as

18  stated on the record at the March 4, 2021 pretrial conference.

19  **I.     GOVERNMENT'S MOTIONS IN LIMINE**

20      **A.    Government's Amended Motion in Limine No. 1 to Preclude Entrapment
               Defense (ECF 61)**
21
            The Government argues that Mr. Flores should be precluded from introducing evidence,
22
    testimony, or argument relating to an unfounded entrapment defense. *See* ECF 61. The
23
    Government argues that Mr. Flores must first proffer sufficient evidence in advance of trial that
24
    establishes that a reasonable jury could find that the government induced him to commit the crime
25
    and he was not predisposed to commit the crime before he is allowed to introduce this entrapment
26
    defense at trial. *See id.* Mr. Flores opposes this motion and argues that the Court should review his
27
    proffer in camera, and this will establish that he has sufficient evidence to present an entrapment
28

United States District Court
Northern District of California

1  defense at trial. *See* Resp., ECF 62. At the pretrial conference, the Government acknowledged that

2  the Court has the discretion to review this proffer in camera. *United States v. Gurolla*, 333 F.3d

3  944, 952-53 (9th Cir. 2003).

4          To assert the defense of entrapment, Mr. Flores must show: (1) that the government

5  induced him to commit the crime; and (2) that he was not predisposed to commit the crime. *United*

6  *States v. Thickstun*, 110 F.3d 1394, 1396 (9th Cir. 1997). Mr. Flores need only clear a minimal

7  burden to present his entrapment defense: "a defendant need present only 'some evidence,' which

8  may be 'of doubtful credibility,' to create a factual issue that must be resolved by a jury." *Gurolla*,

9  333 F.3d at 955 (quoting *United States v. Sotelo–Murillo*, 887 F.2d 176, 178–79 (9th Cir. 1989).

10  After reviewing Mr. Flores's submitted proffer in camera, the Court finds he will be able to

11  present factual issues that must be resolved by the jury and therefore will be permitted to assert his

12  entrapment defense. Accordingly, the Government's motion is **DENIED**.

13          **B.**   **Government's Motion in Limine No. 2 to Preclude Improper Character**
               **Evidence (ECF 40)**
14

15          **Government's Motion in Limine No. 3 to Preclude Improper Use of Defendant's**
               **Statements (ECF 41)**
16

17          **Government's Motion in Limine No. 4 to Preclude Reference to Punishment**
               **(ECF 42)**
18

19          **Government's Motion in Limine No. 5 to Require Good Faith Proffer Before**
               **Henthorn-Type Questioning of Any Government Agent Witness (ECF 43)**

20          Mr. Flores filed a response indicating that he does not oppose these Government motions,

21  *see* ECF 54, and he confirmed this at the pretrial conference. Regarding Motion in Limine No. 5,

22  the parties agreed at the pretrial conference that Mr. Flores will give the Government at least two

23  days' notice prior to the testimony of a witness if he intends to make a proffer for Henthorn-type

24  questioning. Accordingly, these motions are **GRANTED**.

25  **II.   DEFENSE MOTION IN LIMINE**

26          Mr. Flores filed one motion in limine, "Motion in Limine No. 1: Motion to Preclude the

27  March 14 Phone Call Between Mr. Flores and the CHS," ECF 52. The Government clarified at the

28

hearing that there is not a recording of this phone call, and Mr. Flores explained that his motion seeks to limit the introduction of any evidence of conversations between himself and the confidential human source ("CHS") in March 2014 on the basis that the Government cannot use post-offense conduct to prove predisposition. The dates of Mr. Flores's offenses are on or about July 18, 2013, and on or about September 12, 2013. *See* Indictment. The Government opposes this motion. The Court finds that conduct used to prove predisposition does not need to predate the charged offense under *United States v. Garza-Juarez*, 992 F.2d 896, 908 (9th Cir. 1993) ("evidence of predisposition may arise both before the government's initial contact and during the course of dealings") (citing *Jacobson v. United States*, 503 U.S. 540, 550 (1992)). And while Mr. Flores attempted to argue this evidence would be more prejudicial than probative during the pretrial conference, this argument is not found in his motion. The Court notes that Mr. Flores can raise objections under Federal Rule of Evidence 403 during trial. Accordingly, this motion is **DENIED**.

## III.   ORDER

For the foregoing reasons, the Court DENIES the Government's Motion in Limine No. 1 and GRANTS Motions in Limine Nos. 2-5. The Court DENIES Mr. Flores's Motion in Limine No. 1.

**IT IS SO ORDERED.**

Dated: March 5, 2021

_____
BETH LABSON FREEMAN
United States District Judge